

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 3, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-596

Re: The taxability of coin-
operated machines which
vend aircraft accident in-
surance policies.

Dear Mr. Sheppard:

Your letter requesting our opinion in reference to the above-captioned matter reads as follows:

"The Associated Aviation Underwriters have in various air ports certain coin-operated vending machines that vend insurance policies, that is, the purchaser of the ticket may insert a coin into this coin-operated machine and receive therefrom an accident insurance policy covering any loss by accident that may be sustained by him on the trip authorized by his ticket.

"The question has arisen in this department as to whether this machine is taxable under Article 7047a-2 which recites in part as follows:

"'(d) The term "merchandise or music coin-operated machine" as used herein shall mean and include every coin-operated machine of any kind or character, which dispenses or vends or which is used or operated for dispensing or vending merchandise, commodities, confections or music and which is operated by or with coins or metal slugs, tokens or checks. The following are expressly included within said term: candy machines, gum machines, sandwich machines, handkerchief machines, sanitary drinking cups, phonographs, pianos, graphophones, radios, and all other coin-operated machines which dispense or vend merchandise, commodities, confections or music.'

"I shall thank you to advise me whether, under the facts stated, the machine is subject to the tax."

Such coin-operated machine is not taxable under the quoted subdivision (d) of Article 7047a-2, in that an insurance policy is not included within the meaning of "merchandise, commodities, confections or music." The Supreme Court of Texas in Queen Ins. Co. v. State, 86 Tex. 250, 24 S.W. 397, held that an insurance policy is not a commodity. It is evident that it is not merchandise, confections or music.

Subdivision (e) of said Article reads as follows:

"(e) The term 'skill or pleasure coin-operated machines' as used herein shall mean and include every coin-operated machine of any kind or character whatsoever, when such machine or machines dispense or are used or are capable of being used or operated for amusement or pleasure or when such machines are operated for the purpose of dispensing or affording skill or pleasure, or for any other purpose other than the dispensing or vending of 'merchandise or music' or 'service' exclusively, as those terms are defined herein. The following are expressly included within said term: marble machines, marble table machines, marble shooting machines, miniature race track machines, miniature football machines, miniature golf machines, miniature bowling machines, and all other coin-operated machines which dispense or afford skill or pleasure. Provided that every machine or device of any kind or character which dispenses or vends merchandise, commodities or confections or plays music in connection with or in addition to such games or dispensing of skill or pleasure shall be considered as skill or pleasure machines and taxed at the higher rate fixed for such machines.' (Emphasis added)

It is evident that under subdivision (e), where the Legislature used the phrase "for any other purpose" that it intended to tax all coin-operated machines, except those which dispense or vend "merchandise or music," which are taxed under subdivision (d), or "service" exclusively.

As stated above, the machine does not dispense or vend "merchandise or music." If it dispenses or vends "service" exclusively, then it is exempt from taxation, in that Article 7047a-4 reads as follows:

Hon. Geo. H. Sheppard, Page 3 (V-596)

"Gas meters, pay telephones, pay toilets, and cigarette vending machines which are now subject to an occupation or gross receipts tax and 'service coin-operated machines' as that term is defined, are expressly exempt from the tax levied herein, and the other provisions of this Section."

"Service coin-operated machines" is defined by subdivision (f) of said Article 7047a-2 as follows:

"The term 'service coin-operated machines' shall mean and include pay toilets, pay telephones and all other machines or devices which dispense service only and not merchandise, music, skill or pleasure."

The machine does not prepare the contract of insurance, but merely performs the service of delivery. You have orally advised us that it has been your departmental construction for the past twelve years that a coin-operated machine that dispenses postage stamps is not taxable for the reason that such a machine dispenses "service" only. It appears to us that the office performed by the postage and insurance policy machines are very similar. You are therefore advised that it is the opinion of this Department that coin-operated machines that dispense or vend insurance policies are not taxable under the provisions of Article 7047 et seq., V.C.S.

## SUMMARY

Coin-operated machines that dispense or vend insurance policies are not taxable under the provisions of Article 7047 et seq., V.C.S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. V. Geppert
W. V. Geppert
Assistant

WVG/JCP

APPROVED:

Price Daniel
ATTORNEY GENERAL